## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

BRIAN K. BOYD,

      Plaintiff,

v.                                                                    **CASE NO. 1:05-cv-00125-MP-AK**

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 21, Report and Recommendations of the

Magistrate Judge.  In the report, the Magistrate recommends that the decision of the

Commissioner denying benefits should be reversed and this case remanded for further

proceedings.  The Magistrate Judge filed the Report and Recommendation on Monday,

November 6, 2006.  The parties have been furnished a copy of the Report and Recommendation

and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States

Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an

objection has been made.  The parties have not filed any objections to the Magistrate's Report.

The Magistrate's Report recommends that the Commissioner's decision be reversed and

remanded pursuant to sentence four of 42 U.S.C. § 405(g).  The standard of review established

by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by

substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129

F.3d 1420, 1422 (11th Cir. 1997).   The Court agrees with the Magistrate that because the ALJ's

decision is not supported by substantial evidence, it must be reversed.

This case centers on step five of the sequential evaluation process for determining if a

claimant has proven that they are disabled.   The claimant must first prove that they are not engaged in substantial gainful activity.  At the second step, the claimant must prove that they have a severe impairment or combination of impairments.  After the claimant either is found automatically disabled in step three or proves in step four the inability to perform their past relevant work, the burden shifts to the Commissioner in step five to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform.  See 20 C.F.R. § 416.920.   Step five is accomplished either through reliance on the Medical Vocational Guidelines or the testimony of a vocational expert.

In this case, the ALJ relied on the testimony of the vocational expert to determine whether Plaintiff could perform other jobs in the national economy.  "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).   Because a claimant must prove severe impairment at step two, the ALJ is only required to pose in the hypothetical to the expert those limitations found to be severe.  Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985).

Although the ALJ found that Plaintiff had severe impairments of "chronic pain in the right elbow, knee and right ankle, as well as depression resulting from his physical impairments," the hypothetical the ALJ posed to the vocational expert did not include any chronic pain, depression, or the limitations imposed by both impairments.  The Court agrees with the Magistrate that failure to include these limitations is not harmless error.  Because the hypothetical question posed to the vocational expert did not comprise all of the Plaintiff's impairments, the expert's testimony cannot constitute substantial evidence.  As a result, this case

must be remanded for additional expert testimony regarding claimant's pain and depression.

Also, the ALJ discredited Plaintiff's allegations of pain and limitation.  Because
Plaintiff's subjective complaints of chronic pain are supported by objective medical evidence of
a condition reasonably expected to produce these symptoms, this testimony must be accepted as
true as a matter of law if the ALJ fails to articulate adequate reasons for discrediting subjective
pain testimony.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).  The Court agrees
with the Magistrate that the ALJ failed to articulate sufficient cause for discrediting Plaintiff's
subjective testimony describing these conditions and limitations.

Because the ALJ's decision was not supported by substantial evidence, it is reversed and
the case remanded.  On remand, the hypothetical posed to the vocational expert should include
those limitations due to chronic pain as described by Dr. Greenberg, unless the ALJ can
articulate a reason not to credit his opinion, and the limitations due to his depression as
expressed by Dr. Valenstein.  Therefore, having considered the Report and Recommendation and
the lack of objections thereto, I have determined that the Report and Recommendation should be
ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Magistrate Judge's Report and Recommendation is adopted and incorporated
        by reference in this order.

2.      The Commissioner's decision denying benefits is reversed, and this case is
        remanded to the Commissioner of Social Security pursuant to sentence four of 42
        U.S.C. § 405(g) for proceedings consistent with this order.

3.      If on remand Plaintiff is awarded past due benefits, Plaintiff's attorney must file
        any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days
        from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i),
        provides the claimant with written notice of the dollar amount of the past-due
        benefits.

4.      The Clerk is directed to close this case.

**DONE AND ORDERED** this __*19th*__ day of December, 2006

<u>        *s/Maurice M. Paul*        </u>
Maurice M. Paul, Senior District Judge